Court will proceed to the fifth case, Dennis v. Niagara Credit Solutions. Mr. Phillips. May it please the court, counsel, David Phillips for the appellant. So this field on this name of the creditor issue in two different cases. We have a yes, a no in Smith and we argue this is a maybe. I don't think this case is a slam dunk for either side if evidence was allowed to be presented. I think this case teaches us or follows in the warning from over 20 years ago of Johnson v. Revenue Management of what may be clear to a federal judge may not be so clear to a consumer. Judge Easterbrook used way more flowery language than that, but I really can't pronounce pellucid that well. In this case, I think that the essential error by the judge was he assumed that the client referred to in the collection letter twice was the same as LVNV funding. And I think if we'd gone to discovery on that matter, it wouldn't have been the client. If you look at two prior district court decisions, one by Judge Barker and one by the late Judge Grady, if you look at those collection letters, that tells you the client is acting on behalf of LVNV funding. In the Walls case, Judge Grady had a letter that said clients were surging capital, current owner LVNV funding, and the on that to see do people understand with all those various entities here. Here we have three entities. We have a current creditor, original creditor, and a client that they don't name who the client is. They've named the current creditor. They did name the current creditor. They've said they're a debt collection agency and there's the current creditor, so client seems to refer pretty plainly to an unsophisticated consumer to the current creditor. It could, and it could also refer to somebody else, a third party that's not involved. And remember, the standard is a significant fraction of the population, not federal judges, not an overwhelming fraction of the population being confused. I think this is a case well susceptible to extrinsic evidence, either consumer testimony. Did you do any? What's that? Not on this one because we were at a motion for you to even file the suit before you do a survey. Well, we have tested similar letters, not this specific letter, and the experts that we've talked to think it's very amenable to survey. Now what the result would be, I don't know. I think that the wealth of decisions going both ways by district court judges are split, sophisticated readers of letters. For example, Judge Barker in the case that we cited, Pardo versus the Allied, very similar letter. We have Plains Commerce Bank listed and we only had current creditor LVMV funding. There again, they say our client's resurgent. In our case here, they don't say who the client is. Leaves it open for interpretation as to who's exactly the client. Statute doesn't require identification of a client. It requires identification of the current creditor, right? Exactly. So current creditor, LVMV funding. What am I missing? Well, because then they refer to the original creditor, which the statute doesn't require them to say, and then to this unnamed client. I don't believe it's enough just to say current creditor, not when you add. My problem with this is that the statute does not require a full exposition in the letter of the string of transactions that have led up to the letter. That's correct. It requires identification, clear identification of the current creditor. And I frankly have trouble imagining a clearer identification than we have here. Well, a clear you're saying they provided too much information because they provided the original creditor as well? And this unnamed client. Does the statute prohibit a reference to the original creditor? No, but it doesn't require it either. In fact, if you remember in 1692G, that is why the 1692G says you have the right to ask for the name of the original creditor. So they're giving more information that, for unsophisticated consumers, would cause confusion to them. They're getting too much information that doesn't have enough explanation in it. They've got this client name, unnamed client, they've got current and original, and the original creditor in this case is a bank that failed during the financial crisis in 2008 and was taken over. These are very old debts and providing this additional information could have been done in a way that would have been useful. And we provided some examples of that, which the district court judge said, yes, that probably would help, but it's not required. I think it is required. And I think that this is in the middle category of the FDCPA claims that this court has recognized there's a no. Which specific provision are you referring to, 1692GA2? No, Judge, that's what we're relying on. We think they didn't provide it effectively or clearly. It's not enough under any case law in any of the circuit courts to just provide statutorily required information if you don't provide it effectively. For instance, if you provide the G notice and then you overshadow it by saying, you know, we're about to sue you with no explanation that you still have the right to dispute the debt, a la Bartlett v. Heibl or any of its prior cases, the fact that it's on there isn't a defense. It has to be effectively conveyed. And this does not effectively convey that information to unsophisticated consumers. Now, we may lose, but I think we had a right to provide extrinsic evidence on this letter. I think this is in the middle category of, you know, the yes, the no. This is the maybe category, the third category that's recognized under this statute. And it may be a fool's errand, as Judge Hamilton knows, when I try to do a survey on the limited time letters. I do recall that. We had to give up because when trying to survey it against the template that the court came up with in the every RGM cases, it didn't survey. This one I think we can survey. It may be my loss, maybe my $50,000 loss. Judge, you remember those were very expensive surveys. But I think this is one that could be surveyable, especially if we develop the evidence that the client referred to in the letter was Resurgence, a related company to LVNV. It's a separate third-party debt collector. And I think that not naming that or not just providing a simple transitional phrase, as this court has frequently said in cases like Bartlett v. Heibel, you know, they have a transitional phrase there where Judge Posner wrote a collection letter for the collection industry that said, yes, you're about to do it, we'll stop all of our actions. This case would have been very simple to have said, original creditor's this, current creditor's this, we represent the current creditor, LVNV funding. Or, if in fact it was true, LVNV funding is our client. The district judge, who's an able judge, lots of years of experience, made the assumption, and that's where I think it went wrong, that LVNV was the client. I think discovery would show that LVNV was not, in fact, the client. I think that for those reasons, we ask that this court reverse the district court and send this back to let us present extrinsic evidence. Is this a slam dunk for extrinsic evidence? No. But I think we have the right to try to develop that on this formal letter. And the fact that you have all these district court judges in very similar letters, and coming to different conclusions, shows it's a triable issue, not one that should have been decided on a motion for judgment on the pleadings. I'll reserve the rest of my time, unless your honors have some questions. Thank you, Mr. Phillips. Mr. Gentry. Good morning. May it please the Court. I'm Boyd Gentry for the defendants' appellees. Here, Niagara's letter provided clarity and the whole picture of the court 16 times in the Genetto's decision to explain what is required by 1692 GA2, which uses the phrase, creditor to whom the debt is owed, in the present tense, who the debt is owed. Here, this court understands the current creditor is another way of saying the creditor to whom the debt is owed. The court was pulling from 1692 G.B. 1692 GA5 and 1692 G.B. use the phrases current creditor and original creditor. Here, there's no logical deduction that can be made to infer that the client retaining Niagara is anyone other than the current creditor. To assume that it's someone else is not logical. Couldn't it be a subcontractor? There's nothing from the letter that would give information to draw that inference, your honor. But it also isn't foreclosed, right? It may or may not be required to be disclosed, but it's not foreclosed here. In this case, discovery was had on that client was developed, the identification of the client was developed in discovery. This is not on motion for summary judgment, but that issue was addressed here. Mr. Gentry, is it beneficial to one or both parties in a collection exercise effort to identify the original creditor in the Dunning letter? Congress thought it was useful to the debtor. The original creditor. Correct. Congress thought it was helpful, and that's why it put the requirement that if the debtor requests that, it must be provided. So, it is a useful piece of information. Sure, it is not required to be in the first letter. Is it useful to the collector to include that information? I'm not sure how it makes a difference to the collector to put that in the letter or not, your honor, to have that information. If I got a collection letter out of the blue, which does happen now and then, and I have no idea who the original creditor was, then I have no idea about the validity of the claim, right? You may not. That may be true, correct. So, at least the name of the original creditor gives me some clue as to what to try to dredge up from my memory or my old files and see what might be a misunderstanding, where it might have come from. Correct. And so, in that instance, I think your honor may be saying providing more information to the consumer might help the exchange between the consumer and the debt collector by go ahead and providing that up front. Maybe that provides some benefit to the debt collector. Our usual working assumption, Mr. Gentry, at least mine, is that these notices are drafted very, very carefully with close attention to what is and is not included. So, from the very inclusion of the original creditor information here, I'm assuming there's value to it. Your honor, you're correct. These letters are vetted before they go out. And the benefit could be seen as the clear exchange between the debtor and the debt collector. So, the debtor already has more information upon receipt of this. But the debt collector knows who the original creditor was, so it does not need to necessarily explain that in the first letter. But here, they provided it to go ahead and get the information out there in case the debtor maybe does not recognize who LVNV funding is. So, suppose this case goes back, a survey is conducted with reasonably reliable methodology, and the survey indicates that 20% of people interviewed at a mall look at this letter and don't know who, quote, the client is. They can't figure it out. Would that be a problem under the Act? No, your honor, because the survey cases have generally fallen under 1692E. Not 1692G. When you have the letter here in front of us, the Genettos case, the Smith case, we're not relying on surveys. We're looking at, is this even plausible? And so, if this case were to go back with the instruction or benefit of a later survey, it might be an outlier in that respect to interpret whether 1692GA was complied with. I think it might be plowing new ground in that respect, your honor. If the court has no other questions, we would urge affirmance of the judgment. Thank you. Mr. Phillips? Your honors, I would challenge this panel. Take this letter. Give it to some non-lawyers that you know and see if they can identify who the debt's owed to. Maybe not your law clerks, because they're all pretty smart people and know the issues here. Maybe your legal secretaries, a mom, an aunt. Would you be satisfied, counsel, if the word client wasn't in there? And offer number one, if it just said, we are authorized to offer you. So your whole problem is the inclusion of the word client in this notice. That's the main objection, because they don't identify the client. I think it's confusing. We have original and current, and don't describe how they fit together. But the unknown client is the main issue. Yes, I did bring a case where it was just current creditor, original creditor, called Zuniga, I think cited in the brief someplace. And Judge Chang disagreed with that, and it settled out through the mediation panel. But I think these letters survey poorly for conveying the information in an appropriate manner. I see my time's up. Let me just ask you something, Phil. Yes, Your Honor. Looking at the letter, would it be your view that under the current creditor heading, if in front of LVNV funding, it says, debt now owed to, and then LVNV. Yeah, that'd be one way to clear it up. Or that our client, we represent LVNV funding, if that's in fact true. I think Mr. Gendry's correct about the discovery. Well, the focus should be on who you should write the check to, right? That's right. Or who you should investigate to see, is this a legitimate collection attempt? That was one of the points that the panel made in Genetos, is when you have these debt buyers, people should be able to investigate whether it's a legitimate collection effort. LVNV's one of the larger debt collectors. So the unsophisticated consumer, you feel, needs information to begin an investigation of who the debt was assigned to? Well, as the judge said, Judge Hamilton noted, to look back and see, do I have records? Do I know anything about LVNV funding? Have I been told that they took this debt over? Did I pay Washington Mutual? That's all things that are useful. Yes, it's useful to say Washington Mutual, but there's a much better, clearer way, statutory compliant way to convey the information that it used to be a Washington Mutual account. And now you owe LVNV funding, who's the client, if in fact that's true. Does it matter who the check goes to? Most collectors, don't most collectors say write the check to us? Well, some of them do, some of them don't, but I've seen it both ways. It depends on what stage you're in the collection process. In some early out collections, Judge, they want the money going directly to, say, Chase Bank, or to the creditor, or to the doctor. Frequently in these kinds of cases, I would agree that they want the money coming to them, because then they can take their share of the money that they're getting out of it. I think we're done. Thank you very much. Thank you, Mr. Phillips. Case is taken under advisement.